UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DANIEL M. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-CV-00617 (CEJ) |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has filed a response in opposition and the issues are fully briefed.

### I. Background

Plaintiff brings this action alleging that defendant, a debt collector, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, *et seq.*, when attempting to collect a consumer debt allegedly owed by plaintiff to a third party. Plaintiff alleges that defendant violated the TCPA by placing non-emergency calls to plaintiff's cellular telephone without HIS express consent. Plaintiff alleges that defendant violated the FDCPA by failing to identify itself as a debt collector in a communication with plaintiff; causing charges to be made by concealing the true purpose of the communication; using unfair, oppressive, and misleading means to collect or attempt to collect the alleged debt; and threatening to take legal action without the authority or intent to take such action.

### II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute

as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III.    Discussion

#### A.    Telephone Consumer Protection Act

The TCPA prohibits persons from (1) making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party)" (2) "using any automatic telephone dialing system or an artificial or prerecorded voice," (3) "to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A). An automatic telephone dialing system is defined as

"equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." Id. at § 227(a)(1)(A), (B).

Defendant argues that this claim fails as a matter of law because the undisputed facts demonstrate that the calls made by defendant to plaintiff's cellular telephone were dialed manually and without the use of an automatic dialing system. Terry Rivera, the litigation paralegal for defendant, has submitted an affidavit stating that he has worked in this position for 13 years; is familiar with defendant's procedures, telephone systems, and document retention and organization system; that he reviewed the collections notes and records for plaintiff's account; and that based on these records plaintiff was never contacted by defendant through an automatic dialing system. See Doc. #20-1, ¶ 2-4. Rivera attaches plaintiff's account notes and states that the action code "NON" indicates that plaintiff's cellular number was dialed manually. Id. at ¶ 5.

Plaintiff responds by challenging Rivera's affidavit. Plaintiff argues that the affidavit is inadmissible hearsay because Rivera is not a records custodian and does not have personal knowledge about the subject of his testimony. The Court finds plaintiff's challenge to be without merit. While plaintiff is correct that Rule 56(c)(4) of the Federal Rules of Civil Procedure requires affidavits used to support a motion for summary judgment to be based on personal knowledge, Rivera affirmatively states in his affidavit that he "has personal knowledge of the facts" to which he attests, that he has been employed as a litigation paralegal with the defendant company for 13 years, and that he is familiar with defendant's procedures, telephone systems, and document retention. The Court finds Rivera's experience and review of plaintiff's account documents to be based upon his personal knowledge and not inadmissible hearsay.

See Moore v. CCB Credit Services, Inc., 4:11-CV-2132-RWS (E.D. Mo. Jan. 18, 2013) (affiant's "position with [the company], his familiarity with its procedures, and his review of the company's records satisfy the requirements of Rule 56(c)(B)(4).").

Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co., 458 F.3d at 791 (quoting Fed. R. Civ. P. 56(e)) . Plaintiff has not set forth any facts, by affidavit or through any other evidence, that defendant used an automatic dialer when contacting plaintiff on his cellular telephone. Accordingly, the defendant is entitled to judgment as a matter of law on plaintiff's TCPA claim.

### B. Fair Debt Collections Practices Act

The FDCPA is designed "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. To prevail on a claim pursuant to the FDCPA, a plaintiff must allege and prove that (1) the plaintiff is a consumer; (2) the defendant is a debt collector; and (3) the defendant has violated a provision of the FDCPA. Hart v. Franklin Credit Mg't Corp., No. 4-12-CV-1126 (E.D. Mo. February 11, 2013). A debt collector who violates the FDCPA is liable for any actual damages sustained by the plaintiff in addition to statutory damages of up to $1,000 and attorney's fees. 15 U.S.C. § 1692k(a). Actual damages can include damages for mental anguish, emotional distress, and humiliation. Jenkins v. E. Asset Mgmt., LLC, 4:08-CV-1032-CAS, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009).

Defendant argues that the FDCPA claim is moot because it tendered a Rule 68 offer of judgment to plaintiff, offering $1,000.00 (the full amount of statutory damages) plus reasonable attorneys' fees and costs. Defendant asserts that because

plaintiff has failed to establish any actual damages, the offer represents the maximum amount that plaintiff is entitled to recover.

Under Fed.R.Civ.P. Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." The Eighth Circuit has not issued a definitive opinion on whether a Rule 68 offer that provides all the relief a plaintiff requests has the effect of mooting the action if plaintiff does not accept the offer. See Zortman v. J.C. Christensen & Assocs., 870 F. Supp. 2d 694, 696 (D. Minn. May 2, 2012); compare to Warren v.Sessoms & Rogers, P.A., 676 F.3d 365, 371 (4th Cir. 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders plaintiff's action moot.") (citations omitted). However, this district has held that a Rule 68 offer which includes all relief sought may moot an action. See March v. Medicredit, 2013 WL 6265070, *1 (E.D. Mo. Dec. 4, 2013) ("[A] Rule 68 offer providing complete relief renders the plaintiff's claims moot, even where the plaintiff refuses the offer.").

Plaintiff argues that defendant did not offer him the full recovery he seeks—in particular, actual damages—and therefore the case is not moot. Plaintiff points to his complaint where he alleges that defendant's "collection attempts have caused [p]laintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry." Doc. #4, at ¶ 31.

"While mere testimony that a plaintiff was humiliated, upset, and angry is generally insufficient to establish emotional injury, evidence that a plaintiff suffered from severe anxiety, distress, embarrassment, and sleeplessness requiring medication can be enough to establish emotional injury." Norris v. ARS Nat. Service Inc., 2013 WL 1760442, *2 (D. Minn. Apr. 24, 2013) (citing Taylor v. Tenant Tracker, Inc., 710 F.3d

824, 829 (8th Cir. 2013)); Edeh v. Midland Credit Management, Inc., 748 F. Supp.2d 1030 (D. Minn. Sept. 29, 2010) (Some evidence is required to show emotional damage, which could include plaintiff's testimony "provided that the plaintiff can reasonably explain the circumstances of the injury and not rely merely on conclusory statements."); Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2004) ("There is a strict standard for a finding of emotional damage because they are so easy to manufacture.") (citation omitted).

In the instant case, plaintiff has not presented any facts or submitted any evidence to show that he suffered emotional damages or incurred cellular phone charges. Plaintiff has not submitted testimony, through affidavits or otherwise, providing a reasonable explanation of the circumstances of the injury to establish a potential entitlement to actual damages. Additionally, plaintiff's Rule 26 initial disclosures fail to provide any guidance since it lacks a computation of his alleged actual damages. Plaintiff simply and vaguely states that "[a]ctual damages . . . [are] to be determined at trial as allowed by the Fair Debt Collection Practices Act." See Pl.'s Rule 26 Disclosures, Doc. #25-4, at p. 2.

The Court finds that plaintiff's evidence, or lack thereof, is insufficient to support an award of actual damages under the FDCPA, and, thus, defendant's Rule 68 offer satisfies all of plaintiff's legally recognizable monetary interests. See Derisme v. Hunt Leibert Jacobson, PC, 2011 WL 320302, *2 (D. Conn. Jan. 27, 2011) (mootness argument based on a Rule 68 offer can be evaluated after the close of discovery in a motion for summary judgment); Hrivnak v. NCO Portfolio Management, Inc., 719 F.3d 564, 570 (6th Cir. 2013) (while a court may not rule on whether a defendant is entitled to a particular kind of relief in a motion to dismiss for lack subject matter jurisdiction,

a court may evaluate such merits in a motion for summary judgment). Accordingly, plaintiff's FDCPA claim is moot.

Furthermore, even if the Court did not find plaintiff's FDCPA claim to be moot, defendant would be entitled to judgment as a matter of law. Plaintiff has not presented any evidence showing that defendant did not identify itself as a debt collector in its communications or that the defendant concealed the purpose of its communications. The only evidence that plaintiff presented is defendant's collection letter, dated December 26, 2012, which states in pertinent part:

> Unless you contact us to arrange repayment of your debt, your account will be evaluated for placement with an attorney to file a lawsuit against you.
>
> You are your account meet our first round of review for legal action. However, the decision whether or not to start a lawsuit has not been made yet. <u>You</u> have a chance now to resolve your debt — take it!
>
> The final decision to sue you is made by the attorney. If a lawsuit is filed against you, the attorney will demand that the court enter a judgment for the balance remaining on your account, plus whatever additional costs or fees the court may chose to award.

Doc. #25, at p. 9.

Plaintiff argues that defendant misleads consumers into believing that its decisions to sue are made by attorneys and that because plaintiff's account was not forwarded to an attorney 15 days from the date of the letter, which plaintiff was told would happen by one of defendant's representatives, defendant had no intention of pursuing legal action. However, plaintiff has not presented any evidence showing that defendant does not forward accounts to attorneys prior to filing suits or that a delay in forwarding an account means that defendant will never pursue legal action. Furthermore, the Eighth Circuit has held that a "letter does not violate [15 U.S.C. §] 1692e . . . if it merely relays the possibility that some future legal action might be

taken if payment is not made." <u>Hubbell v. American Accounts & Advisors, Inc.</u>, 2013 WL 5944264 (D. Minn. Nov. 5, 2013) (citing <u>Peters v. Gen. Serv. Bureau, Inc.</u>, 277 F.3d 1051, 1056 (8th Cir. 2002) (a letter that "convey[ed] the consequences" of inaction was not misleading). Thus, plaintiff has failed to demonstrate any genuine issue of material fact, entitling defendant to judgment as a matter of law.

\* \* \*

For the reasons stated above,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #19] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2014.